NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| VINCENT GLAZEWSKI | : | |
| Plaintiff | : | Civil Action No. 06-4107(KSH) |
| v. | : | |
| JON CORZINE, et al. | : | OPINION |
| Defendant | : | |

**SHWARTZ, United States Magistrate Judge**

This matter comes before the Court by way of motion of <u>pro se</u> plaintiff Vincent Glazewsk for leave to file a Second Amended Complaint to add: (1) facts and (2) claims. For the reasons set forth below, plaintiff's motion is denied in part with prejudice and in part without prejudice.

I. BACKGROUND

Plaintiff is confined at Northern State Prison in Newark, New Jersey. Docket Entry No. 12 at ¶ 5. On August 30, 2006, plaintiff submitted a Complaint, which raised three categories of claims: (a) failure to investigate or prosecute, (b) retaliation from the prison in response to complaints plaintiff filed with the state, and (c) prison conditions. <u>See</u> generally Docket Entry No. 1. As to the failure to investigate or prosecute claims, plaintiff alleges that he informed former Attorney General Peter Harvey of the alleged violations of rights, but that the Attorney General failed to investigate or enforce the law. <u>See</u> generally Docket Entry No. 1. As to the retaliation claims, plaintiff alleges: (1) discharge from work assignment and (2) other retaliatory

1

actions. As to the prison conditions claims, plaintiff alleges: (1) poor prison conditions; (2) claims of inadequate medical treatment; (3) claim of inadequate access to law library; and (4) unconstitutional conditions in the infirmary. See generally Docket Entry No. 1. Pursuant to 28 U.S.C. § 1915(e)(2), 28 U.S.C. § 1915A, and 42 U.S.C. § 1997, the Honorable Katharine S. Hayden reviewed plaintiff's Complaint and, on November 5, 2007, entered an Opinion and Order dismissing certain claims and permitting other claims to proceed against certain defendants. See Docket Entry Nos. 6, 7. Judge Hayden dismissed plaintiff's failure to investigate or prosecute claims. See Docket Entry Nos. 6, 7. As to plaintiff's retaliation claims, Judge Hayden dismissed with prejudice retaliation claims based on plaintiff's discharge from his work assignment, but permitted claims based on other acts of retaliation to proceed. See Docket Entry Nos. 6, 7. Judge Hayden also allowed plaintiff's prison conditions claims concerning the general prison conditions, inadequate medical treatment, and the deprivation of plaintiff's right of association with family while in the infirmary to proceed, but dismissed the claims based on access to the law library and the inability to purchase commissary items while in the infirmary. See Docket Entry Nos. 6, 7. Judge Hayden granted plaintiff leave to file an Amended Complaint, with instructions that the plaintiff address the deficiencies in the original Complaint within 30 days. See Docket Entry Nos. 6 and 7.

  Plaintiff submitted a Supplemental Complaint on November 2, 2007, see Docket Entry No. 5, and an Amended Complaint on November 29, 2007. See Docket Entry No. 12. Judge Hayden found the Amended Complaint received on November 29, 2007, superceded all previous pleadings. See Docket Entry No. 12. The Amended Complaint consisted of 300 numbered

paragraphs and named 58 defendants,[1] including the 25 defendants named in the original Complaint,[2] and listed additional fictitious "John Doe defendants." See Docket Entry No. 12. In the Amended Complaint, plaintiff alleges claims that arose out of the same series of transactions, raise common questions of fact or law, and all occurred before August 28, 2006. See Docket Entry No. 1. In addition, plaintiff includes facts to the claims in the Amended Complaint[3] that occurred after August 28, 2006. See Docket Entry No. 12. Many of these

---

[1]The Amended Complaint sought to add the following defendants: Wendell Smith, Mahmoud Eldekki, Christine F. Bartolomei, C. Iffel, John Hochberg, M.D., John Godinsky, M.D., Narsimha Reddy, M.D., Niranjana Shah, M.D., Joel Buchholtz, P.A., Karen McBriart, Scott Orlanski, Buscar, Ralph Woodward, M.D., Ms. McNally, Unknown Lewis, Unknown Gillard, Unknown Reynolds, Unknown McGeetchen, Unknown Flusk, Unknown Johnson, Unknown Rayford, Unknown Anderson, Unknown Heartland, Unknonwn Copeland, Unknown Institutional Trade Instructor, Unknown Emanuel, Unknown Blicky, Unknown McLoed, Unknown Cooper, Unknown Hicks-Holloway, C. Curtis, Unknown Harmon, and Unknown Property Officer First Shift. See Docket Entry No. 12 at ¶ 109, et seq.

[2]With respect to the 25 individuals named as defendants in the original Complaint, paragraphs 63 through 108 of the Amended Complaint repeat paragraphs 31 through 76 of the original Complaint. The Amended Complaint did not address the deficiencies in his Complaint as outlined by Judge Hayden so only those claims that passed Judge Hayden's initial review remain. See Docket Entry No. 12.

[3]In the Amended Complaint, the plaintiff alleged the following as acts done in retaliation for filing a complaint: cell moves, see Docket Entry No. 12 at ¶ 271, double bunking with smokers, see id. at ¶¶ 144, 148, 171, 193, forced use of the upper bunk, see id. at ¶¶ 111, 143, 149, unwarranted cell searches, see id. at ¶¶ 184, 189, and confiscation and destruction of plaintiff's property. The language of the Amended Complaint does not specifically explain how these acts are related to the plaintiff's initial claim of retaliation, but loosely ties these claims together as a pattern relating to plaintiff's lawsuit. See id. at ¶¶ 273, 290. Plaintiff also raised new facts surrounding his claims of unconstitutional conditions of confinement such as his exposure to environmental tobacco smoke, see id. at ¶¶ 131, 138, 193, 144, 148, 171, 286, the general dirty conditions of the prison, see id. at ¶¶ 189, 281, 282, the unhealthful food, see id. at ¶¶ 134, 135, 137, 140, 158, 203, 278, the overcrowding and double-bunking, see id. at ¶¶ 117, 280, the denial of clean clothing and sheets, see id. at ¶¶ 115, 116, 145, and inadequate access to vocational, recreational, and educational programs, see id. at ¶¶ 122, 124, 128, 129, 133, 138, 141, 142, 156, 159, 179, 180. Plaintiff also raised the constitutionally inadequate medical treatment he received during his confinement, see id. at ¶¶ 178, 283, 284, 285, including

incidents are discrete and isolated incidents unrelated to the initial alleged constitutional violations.[4]  See Docket Entry No. 21.

Judge Hayden reviewed the Amended Complaint, and on January 15, 2008, Judge Hayden stated that the "Order granting plaintiff leave to file an amended complaint addressing the deficiencies of his complaint was not a license to add new claims and defendants unrelated to the claims asserted in the Complaint."  See Docket Entry No. 21.  Accordingly, Judge Hayden dismissed the claims that were "discrete and isolated incidents unrelated to the initial alleged constitutional violations" and allowed plaintiff to add only claims related to those that were asserted in the Complaint, namely: (a) retaliatory prison conditions that are directly linked with plaintiff's suit, including: (1) cell moves, (2) double-bunking with smokers, (3) assignments to upper bunks, (4) cell searches, and (5) confiscation and destruction of property, (b) unconstitutional conditions of confinement including: (1) exposure to environmental tobacco smoke, (2) generally dirty conditions, (3) unhealthful food, (4) overcrowding and double-bunking, (5) denial of clean clothing and sheets, (6) denial of regular showers, (7) denial

---

interference with medical appointments, see id. at ¶¶ 123, 125, 126, 150, interference with the receipt of his cancer medication, see id. at ¶¶ 127, 132, 165, 167, 168, 181, 182, 204, 205, and the interference with receipt of his medical diet, see id. at ¶¶ 113, 136, 139, 147, 153, 157, 177, 186, 187, 188.

[4]These events involve an alleged lack of access to the law library, see id. at ¶¶ 120, 130, overcooked food, see id. at ¶ 114, a deficient claim for loss of work credits, see id. at ¶¶ 121, 272, threats and assaults unrelated to the original complaint, see id. at ¶¶ 142, 154, 162, 163, 169, 170, 171, 172, 173, 174, 175, 183, 288, 289, unrelated loss of property claims, see id. at ¶¶ 190, 191, 192, 195, 196, 197, 199, 200, 201, 202, retaliatory claims for reporting an incident unrelated to the initial complaint, see id. at ¶ 118, exposure to chicken pox, see id. at ¶ 152, having a cold cell, see id. at ¶ 166, being administered an AIDs test, see id. at ¶ 176, denial of his requests for a prison transfer, see id. at ¶ 287, and failure to have his mail delivered, see id. at ¶ 185.

of toilet paper, and (8) inadequate access to vocational, recreational, and educational programs, (c) constitutionally inadequate medical treatment including: (1) interference with medical appointments, (2) interference with receipt of medicine, and (3) interference with receipt of medical diet, and (d) deprivation of plaintiff's right of association during his stay in the infirmary. See Docket Entry No. 21.

On June 4, 2008, plaintiff filed a motion for leave to file a Second Amended Complaint. See Docket Entry No. 118. Plaintiff seeks to add facts he contends relate to the claims that Judge Hayden permitted concerning (1) his exposure to environmental tobacco smoke, see Docket Entry No. 118 at ¶¶ 5, 6, 21, (2) inadequate access to recreational programs, see id. at ¶ 7, (3) interference with receipt of his medication, see id. at ¶ 20, and (4) inadequate access to his medical diet, see id. at ¶¶ 10, 22, 23, 24, 25, 26, including allegations that he has suffered repeated weight loss, see id. at ¶¶ 12, 28. Plaintiff also offers more evidence of his exhaustion of administrative remedies. See id. at ¶¶ 15, 16, 17, 27, 32, 33.

Plaintiff also seeks to assert new claims based on facts that occurred after the events described in the original and Amended Complaints concerning defects in the administrative remedies, see Docket Entry No. 118 at ¶¶ 15, 16, 17, 27, 30, 31, 32, 33, and a failure to protect him from an assault by a fellow inmate. See id. at ¶ 18. Plaintiff also describes the actions by Officer Urgo as retaliation for an incident during a recreation period, but does not connect Urgo's actions to this law suit. See id. at ¶¶ 1, 2, 3, 4. Plaintiff describes the actions by Officer Probst as retaliation for reporting an assault by another inmate to prison officials, but does not associate these actions with his law suit. See id. at ¶¶ 8, 9, 11, 19. Plaintiff also includes a request for injunctive relief. See Docket Entry No. 118 at ¶¶ 13, 14.

5

## SUMMARY OF ARGUMENTS

Plaintiff seeks to add facts and claims in his proposed Second Amended Complaint that have arisen since his Amended Complaint. Plaintiff argues that it is in the interest of justice to allow him to freely amend his complaint to ,new parties, facts, and claims. Specifically, plaintiff wishes to add new facts that further substantiate the claims that have survived Judge Hayden's review, such as (1) exposure to environmental tobacco smoke, (2) inadequate access to recreational facilities, (3) interference with receipt of medication, and (4) interference with receipt of medical diet, to ensure that every fact is before the Court when it rules. Plaintiff wishes to add new parties, namely (A) Administrator Karen Balicky, (B) the Request/Interview Slip Coordinator, (C) Officer Urgo, and (D) Officer Probst. Plaintiff also wants to add new claims concerning these parties, namely (1) Karen Balicky and the Coordinator for the lack of administrative remedy, (2) the prison for failing to protect him from other inmates, (3) Officer Urgo for retaliating against plaintiff for a recreation yard incident, and (4) Officer Probst for retaliating against plaintiff for reporting the assault. He acknowledges these events occurred after he filed the Amended Complaint, but asserts he seeks to add these claims to obtain relief.

In response, defendants argue that they will be unduly prejudiced by plaintiff's undue delay, bad faith, and dilatory motive in bringing this motion. Defendants further argue that repeated failures to cure deficiency by amendments previously allowed is a basis to deny the motion for leave to file an amended complaint.

Lastly, defendants argue that plaintiff should not be permitted to amend his Amended Complaint because the new claims would be futile. More specifically, they argue that plaintiff's Second Amended Complaint is futile because it: (1) fails to state an actual physical injury, (2)

plaintiff has failed to exhaust his administrative remedies, (3) fails to satisfy the elements for a claim for cruel and unusual conditions of confinement, (4) fails to satisfy the elements for failure to protect, and (5) fails to name specific defendants for several of his claims and impermissibly relying on the doctrine of respondeat superior.

## DISCUSSION

**A.    Legal Standards**

Rule 15(a) of the Federal Rules of Civil Procedure provides that if a party has amended his original complaint once, then:

> [the] party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a)(2).  The federal rules allow for liberal amendments in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits," and provide that if the underlying facts relied upon by a party might be a proper subject of relief, that party should have the opportunity to test its claims on the merits.  Foman v. Davis, 371 U.S. 178, 182 (1962) (citations and internal quotations omitted).  Under Rule 15, the decision to amend rests within the sound discretion of the Court.  See Foman, 371 U.S. at 182; Heyl & Paterson Int'l Inc. v. F.D. Rich Hous. of Virgin Islands, Inc., 663 F.2d 419, 425 (3d Cir. 1981).  The United States Supreme Court, however, has stated that leave to amend under Rule 15 may be denied in cases of: (1) undue delay; (2) bad faith or dilatory motive; (3) undue prejudice; or (4) futility of amendment.  See Foman, 371 U.S. at 182; Alvin v. Suzuki, 227 F.3d 107, 121 (3d Cir. 2000) (citations omitted).  Stated differently, "absent undue or substantial prejudice, an amendment should be allowed under Rule 15(a) unless denial can be grounded in bad faith or dilatory motive, truly

7

undue or unexplained delay, repeated failure to cure deficiency by amendments previously allowed or futility of amendment." Long v. Wilson, 393 F.3d 390, 400 (3d Cir. 2004) (citations, quotations, and emphasis omitted).

Here, the Court must also consider the previous proposed amendments and rulings thereon. Judge Hayden's January 16, 2008 Order, see Docket Entry No. 21, limits the scope of any amendments. In that Order, Judge Hayden stated:

> [t]his Court's Order granting plaintiff leave to file an amended complaint addressing the deficiencies of his Complaint was not a license to add new claims and defendants unrelated to the claims asserted in the Complaint. To the contrary, Rule 20(b) of the Federal Rules of Civil Procedure strictly limits the joinder of multiple claims against multiple defendants. . . .
>
> In the original Complaint, plaintiff alleged claims that arose out of the same series of transactions and that raised common questions of fact or law, specifically, claims that were related to certain unconstitutional conditions of confinement and medical care and the actions of certain defendants that were undertaken in retaliation for plaintiff's attempts to rectify those conditions, within a limited time frame. Cf. United Mine Workers of America v. Gibbs, 383 U.S. 715, 724 (1966) ("Under the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged.").
>
> In the Amended Complaint, however, plaintiff names as defendants an additional 33 prison officials and describes a series of incidents unfolding over an additional 15-month period. Many of these incidents are discrete and isolated incidents unrelated to the initial alleged constitutional violations. . . . Accordingly, only those additional claims related to continuing similar unconstitutional conditions of confinement and medical care, and related retaliation, and based upon allegations of personal involvement, will be permitted to be joined through the Amended Complaint.

Docket Entry No. 118. In light of Judge Hayden's ruling, therefore, plaintiff's attempt to add new parties and claims not related to the events alleged in the Complaint is barred. His proposed claims based on the alleged lack of administrative remedy and failure to protect and retaliation for reporting said assault all arose after the incidents in the Complaint and are not related to those

8

claims as required by Fed. R. Civ. P. 20.  Therefore, his request for leave to amend the Amended Complaint for these claims is denied with prejudice.

In Judge Hayden's Order, Her Honor stated that "only those additional claims related to continuing similar unconstitutional conditions of confinement and medical care, and related retaliation, and based upon allegations of personal involvement, will be permitted to be joined through the Amended Complaint." See Docket No. 21. Plaintiff's proposed claims of retaliation may arguably fall within this provision.  Because plaintiff did not submit his proposed Second Amended Complaint as required by Local Civil Rule 7.1(f), the Court cannot determine whether or not the plaintiff is simply repeating acts that he has already alleged or is alleging new acts that he contends are in retaliation for his complaints in this case and are within the parameters for amendments that Judge Hayden permitted.  Local Civil Rule 7.1(f) requires the plaintiff to submit his proposed Second Amended Complaint with his motion for leave to file an amended complaint so that such determinations can be made. L. Civ. R. 7.1(f); accord Allen v. New Jersey Dept. of Human Services, 2007 WL 2306664 at *5 (D.N.J. August 8, 2007).  Failure to comply with this rule is a basis to deny the motion. Id. at *5.  Because the Court has the discretion to excuse a pro se plaintiff from the consequences of noncompliance, it has the authority to deny the request without prejudice to his re-filing the motion with the proposed pleading. See id at *6. The Court will allow him to present a supplemental complaint that sets forth only the acts of retaliation that he contends are related to the filing of this case.  The plaintiff, however, is barred from adding new parties or claims and thus the pleading may not include claims against Ms. Balicky, Officer Urgo, or Officer Probst.

9

## **CONCLUSION**

For all of these reasons, plaintiff's motion for leave to file an amended complaint is denied in part with prejudice and in part without prejudice. The plaintiff may submit a supplement to the Amended Complaint that sets forth only acts of retaliation he claims occurred because he filed this case and why he believes the acts were engaged in because he filed this case. He is precluded from adding any new parties or causes of action. If he complies, then the Supplement and the Amended Complaint as permitted by Judge Hayden's January 16, 2008 Order shall be the operative pleadings. No further amendments will be permitted.

Nothing herein precludes the plaintiff pursuing other avenues of relief to address claims that rise from events not related to the claims Judge Hayden permitted plaintiff to pursue.

S/Patty Shwartz
UNITED STATES MAGISTRATE JUDGE