UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**NOT FOR PUBLICATION**

VINCENT GLAZEWSKI,

    Plaintiff,

v.                Civ. Action No. 06-4107 (KSH)

JON CORZINE, et. al.        **OPINION AND ORDER**

    Defendants

**KATHARINE S. HAYDEN, U.S.D.J.**

    This matter comes before the Court on plaintiff Vincent Glazewski's application for a temporary restraining order. (D.E. 33.) Plaintiff claims that since arriving at South Woods state prison in Bridgeton, New Jersey on December 17, 2007, he has not received a proper diet necessary for him to take his cancer medications, has lost weight, has been exposed to second-hand smoke, has not been provided clean linens and adequate supplies, has been subjected to abusive cell searches, and has not been seen by a physician. (D.E. 63 (Brief in support of restraining order, March 15, 2008).) He seeks relief related to these conditions allegedly existing at South Woods.

    Defendants argue that the issues raised in plaintiff's application are unrelated to the present complaint before this Court. (D.E. 49.) Plaintiff's amended complaint, filed on November 29, 2007, details allegations of unconstitutional conditions, inadequate medical care, retaliatory prison conditions, and denial of his right to association at Northern state prison in Newark New Jersey. (D.E. 12.)

    Plaintiff's application fails to show the requisite nexus between the allegations in the complaint and the allegations in the emergent application. See <u>Williams v. Platt</u>, No. 03-281, 2005 U.S. Dist. LEXIS 39686 (W.D. Okla. Oct. 24, 2005)(recommending denial of preliminary injunction when request for injunctive relief concerned matters at a different prison facility than the one in the

1

complaint).  "[A] party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint."  Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994).  Courts in this circuit have denied emergent relief when the "request for injunctive relief is [ ] targeted at potential conduct that bears no relation to his underlying claim."  Martin v. Keitel, 205 Fed. Appx. 925, 929 (3d Cir. 2006).  See also Schwartz v. United States DOJ, No. 06-5581, 2007 U.S. Dist. LEXIS 74608 (D.N.J. Oct. 4, 2007)(Simandle, J.)(denying injunctive relief because plaintiff failed to demonstrate that the "preliminary injunction relates to the subject-matter of the underlying complaint").  While the nature of the claims may be similar, the application is premised on a different set of factual circumstances than those in the complaint.  The complaint details events that occurred at Northern state prison prior to November 29, 2007, while the emergent application concerns events occurring after December 17, 2007 at South Woods state prison, over 120 miles away.  There is no nexus between the time period and the location of the events in the amended complaint and emergent application to allow the Court to exercise jurisdiction.

     Also, any emergent relief granted by the Court would bind parties not involved in this litigation.  An injunction entered pursuant to Fed. R. Civ. P. 65(d) only binds the parties to the action, its officers, and others acting in concert with them.  Plaintiff's complaint does not name any administrators or staff at South Woods; it only names persons who worked or oversaw operations at Northern.  While an injunction could bind some of the defendants in this case, the administrators and employees of South Woods, who are the main actors in the incidents set forth in this application, are not parties to the underlying complaint, and, as such, are not represented.  The Court cannot bind non-parties to this action who cannot contest plaintiff's allegations.  See Williams, 2005 U.S. Dist. LEXIS 39686, *5 (recommending denial of injunctive relief because "[t]he requested injunctions would also bind non-parties").

     Good cause appearing,

It is on this 24th day of July, 2008

**ORDERED** that plaintiff's application for a temporary restraining order (D.E. 33) is **denied**.

/s/Katharine S. Hayden
Katharine S. Hayden
United States District Judge