UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

VINCENT GLAZEWSKI,

                Plaintiff,

v.

JON CORZINE, et al,

                Defendants.

Civ. Action No. 06-4107
(KSH)

**OPINION & ORDER**

**KATHARINE S. HAYDEN, U.S.D.J.**

In response to the Court's Order dated December 4, 2008 [D.E. # 188], plaintiff has submitted another letter [D.E. # 189] specifically objecting to: (1) Magistrate Judge Shwartz's failure to award expenses or levy sanctions related to his prior motion to compel [D.E. # 167]; and (2) Judge Shwartz's general scheduling decisions. The Court will construe plaintiff's letter as an appeal from Magistrate Judge Shwartz's orders dated October 21, 2008 [D.E. # 174] and November 7, 2008 [D.E. # 185]. As such, plaintiff must demonstrate that the non-dispositive orders are clearly erroneous or contrary to law. *See* Loc. Civ. R. 72(c)(1). The Court reviews the magistrate's rulings *de novo*. *See Doe v. Hartford Life and Accident Ins. Co.*, 237 F.R.D. 545, 548 (D.N.J. 2006).

In her order dated October 21, 2008, Judge Shwartz granted in part and denied in part plaintiff's motion to compel defendants' compliance with discovery demands [D.E. # 174]. Judge Shwartz based her partial denial on the fact that certain discovery requests had become moot. She further found that plaintiff had provided insufficient evidence to warrant $250 per defendant in expenses. Rule 37 of the Federal Rules of Civil Procedure *permits* a court to order

1

payment of expenses when it grants in part and denies in part a motion to compel. *See* Fed. R. Civ. P. 37(a)(5)(C). Furthermore, when a motion to compel is granted, expenses are not mandatory if the court finds that the nondisclosure was substantially justified or if other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A)(ii-iii). Finally, Rule 37(b) sanctions are entirely discretionary. Fed. R. Civ. P. 37(b). For these reasons, "[s]anctions and award of expenses under Rule 37 is a 'matter entrusted to the sound discretion of the district court.'" *Carney v. IBEW Local Union 98 Pension Fund*, 2001 U.S. Dist. LEXIS 16842, No. 00-6270, at *6 (E.D. Pa. Oct. 17, 2001) (quoting *Marcarelli v. Delaware County Mem'l Hosp., Inc.*, 1987 U.S. Dist. LEXIS 10336, No. 86-1630, at *2 (E.D. Pa. July 30, 1987)). Upon independent review, the Court finds that Magistrate Judge Shwartz's rulings with respect to sanctions and expenses were not clearly erroneous or contrary to law.

Similarly, Local Civil Rule 72.1 grants a magistrate judge wide-ranging discretion to manage the scheduling of discovery. *See Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1113 (3d Cir. 1986), *cert. denied*, 484 U.S. 976 (1987); *Lithuanian Commerce Corp. v. Sara Lee Hosiery*, 177 F.R.D. 205, 213-14 (D.N.J. 1997). Where, as here, the "magistrate judge [has] managed the case from the outset, and thus has a thorough knowledge of the proceedings," an abuse of discretion standard is particularly appropriate in determining whether a scheduling order should be reversed. *See Peer v. U.S. Airways, Group, Inc.*, No. 02-1462, 2007 U.S. Dist. LEXIS 39396, at *5-6 (D.N.J. May 31, 2007). Upon review, the Court finds no error in Judge Shwartz's efficient handling of discovery in this case. It therefore affirms the appealed orders in full.

Good cause appearing, it is on this 15th day of December, 2008, hereby

**ORDERED** that the orders dated October 21, 2008 [D.E. # 174] and November 7, 2008 [D.E. # 185] are **AFFIRMED**.

/s/ Katharine S. Hayden

Katharine S. Hayden
United States District Judge